**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re:

BEARINGPOINT, INC. et al.,

      Debtors.
_____

JOHN DeGROOTE SERVICES, LLC

      Plaintiff,

v.

AUTONOMY, INC.

      Defendant.
_____

**Chapter 11**
Case No. 09-10691 (REG)
(Jointly Administered)

Adversary Proceeding No. 10-03270

## AUTONOMY, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES

Defendant Autonomy, Inc. ("Defendant"), by and through its attorneys, Jones & Associates, answers the Complaint of John DeGroote Service, LLC ("the Plaintiff") filed on May 28, 2010 ("the Complaint"), as follows :

### JURISDICTION AND VENUE

1.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint. To the extent that an Answer is required, the Defendant denies.

2.    In response to paragraph 2 of the Complaint, the Defendant denies to the extent that the Defendant is entitled to a jury trial and does not consent to a jury trial in Bankruptcy Court.

3.    In response to paragraph 3 of the Complaint, the Defendant denies.

4.    In response to paragraph 4 of the Complaint, the Defendant admits.

## PARTIES

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, the Defendant admits.

## CLAIMS FOR RELIEF

### COUNT 1

**(Avoidance and Recovery of Preference Transfers – 11 U.S.C. § 547)**

12. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 11 above.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint as to the clear date of the alleged Transfers. To the extent that an Answer is required, the Defendant denies.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, the Defendant denies.

17. In response to paragraph 17 of the Complaint, the Defendant denies.

18. In response to paragraph 18 of the Complaint, the Defendant denies.

19. In response to paragraph 19 of the Complaint, the Defendant denies.

20. In response to paragraph 20 of the Complaint, the Defendant denies.

21. In response to paragraph 21 of the Complaint, the Defendant admits.

## COUNT II

### (Disallowance of Claims-11 U.S.C § 550)

22. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 to 21 above.

23. In response to paragraph 23 of the Complaint, the Defendant denies.

**WHEREFORE**, based upon the foregoing, because the Transfers are not recoverable by the Plaintiff, the Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

Autonomy, Inc., through its attorneys, Jones & Associates, states the following affirmative defenses to this action:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

24. The Plaintiff fails to state a cause of action.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

25. The Plaintiff seeks to disallow the Defendant's claims due to alleged preferential transfers ("Transfers") which the Plaintiff is barred from recovering to the extent that the Transfers were:

    (A) in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of Plaintiff and Defendant;

    (B) made in the ordinary course of business or financial affairs of Plaintiff and Defendant, and

    (C) made according to ordinary business terms.

26. Pursuant to 11 U.S.C. 547(c)(2) such Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

27. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering to the extent that the Transfers were:

    (A) intended by Plaintiff and Defendant to or for whose benefit such Transfers were made to be a contemporaneous exchange for new value given to Plaintiff; and

    (B) in fact were substantially contemporaneous exchange(s).

28. Pursuant to 11 U.S.C. 547(c)(1) such Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

29. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering to the extent that the Transfers were to or for the benefit of Defendant, to the extent that, after such transfer, Defendant gave new value to or for the benefit of the Plaintiff:

    (A) not secured by an otherwise unavoidable security interest and

    (B) on account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

30. Pursuant to 11 U.S.C. 547(c)(4) such Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

31. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering because at all times relevant to the matters complained of the Plaintiff and all subsidiaries were solvent. Consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

32. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering, in whole or in part, by the doctrines of waiver and estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

33. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which it is barred from recovering by the doctrine of laches and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

34. The Plaintiff lacks standing to bring this action.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

35. Plaintiff's actions are barred under the doctrines of estoppel and of *res judicata* to the extent that this action could have and should have been litigated at the time of Debtors' objections to Defendant's claim, if any, under 11 U.S.C. 502(d).

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

36. The claims of the Plaintiff are barred, in whole or in part, by reason that, at all times, Defendant acted in good faith.

**AS AND FOR AN ELEVENTH AFFIRMATIVE**

37. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering to the extent that the transferee or oblige of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or oblige gave value to the debtor in exchange for such transfer or obligation.

38. Pursuant to 11 U.S.C. 548(c) such Transfers are not avoidable by the Debtor and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

39. The Plaintiff's claims should be dismissed to the extent that the Transfers are payments related to an executory contract subsequently assumed by the trustee or debtor in possession pursuant to the trustee's or debtor in possession's authority to reject or assume contracts under 11 U.S.C. § 365.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

40. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

**JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

Dated: June 29, 2010
New York, New York

                                                        JONES & ASSOCIATES
*Attorneys for Autonomy, Inc.*

BY: /s/Roland Gary Jones
Roland Gary Jones (RGJ-6902)
1230 6th Avenue, 7th Floor
New York, New York 10020
Telephone: (646) 964-6461 ext. 701
Fax: (212) 202-4416
Email: rgj@rolandjones.com
www.rolandjones.com

To:

**MCKOOL SMITH P.C.**
Peter S. Goodman
One Bryant Part, 47th Floor
New York, NY 10036
Telephone : (212) 402-9400
Facsimile : (212) 402- 9444

 **-and-**

**MCKOOL SMITH P.C.**
Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485 -7300
Facsimile: (713) 485 -7344

*Counsel to the Plaintiff*